IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTONY WAYNE JENKINS | § | |
| | § | |
| VS. | § | CIVIL NO. 5:21-cv-00046-FB |
| | § | |
| RICHARD AFTON KOTHE AND | § | |
| TODD CORZINE TRUCKING, INC. | § | |

### DEFENDANT, RICHARD AFTON KOTHE AND TODD CORZINE TRUCKING, INC.'S AMENDED ANSWER

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS:

NOW COME, **Defendants Richard Afton Kothe and Todd Corzine Trucking, Inc.** and files their Amended Answer to Plaintiff's Original Petition and would show the Court the following:

**I.**

1. Defendants, Richard Afton Kothe and Todd Corzine Trucking, Inc., admit the allegations, contained in Paragraph II of the Plaintiff's Original Petition, that Plaintiff is a resident of Bexar County, Texas and that Defendants are citizens of Colorado. Defendants deny the remainder of the allegations in Paragraph II.

2. Defendants admit the allegations contained in Paragraph III of Plaintiff's Original Petition, in that the incident at issue occurred in Bexar County, Texas. Defendants deny the remainder of Paragraph III.

3. Defendants admit the allegations contained in Paragraph IV of Plaintiff's Original Petition that the collision occurred on January 7, 2019. Defendants deny the remainder of the allegation contained in Paragraph IV.

4. Defendants deny the allegations contained in Paragraph V of Plaintiff's Original Petition.

5. Defendants admit the allegations contained in Paragraph VI of Plaintiff's Original Petition that Defendant Kothe was within the course and scope of his employment at the time of the collision. Defendants deny the remainder of the allegations contained in Paragraph VI.

6. Defendants deny the allegations contained in Paragraph VII of Plaintiff's Original Petition.

7. Defendants deny the allegations contained in Paragraph VIII of Plaintiff's Original Petition.

8. Defendants deny the allegations contained in Paragraph IX of Plaintiff's Original Petition.

9. Defendants deny the allegations contained in Paragraph X of Plaintiff's Original Petition.

10. Defendants deny the allegations contained in Paragraph XI of Plaintiff's Original Petition are applicable.

11. Defendants deny the allegations contained in Paragraph XII of Plaintiff's Original Petition are applicable.

12. Defendants deny the allegations contained in Paragraph XIII of Plaintiff's Original Petition are applicable.

13. Defendants generally deny the material allegations of Plaintiff's Original Petition (and any further amendment or supplement thereto) and demand that such be proven by a preponderance of the evidence as required by law before a jury.

## AFFIRMATIVE DEFENSES

14. Further answering, Defendants would show that Plaintiff's damages, if any, were solely caused by matters or conditions not under the control of Defendants, or by conduct of parties over whom Defendants had no control. Defendants affirmatively assert that at all material times, Plaintiff failed to use that degree of care and prudence

that an ordinary and reasonably prudent person would have exercised under the same or similar circumstances. Defendants would further show that the acts or omissions of the Plaintiff was the sole proximate cause or, in the alternative, a proximate cause of the Plaintiff's alleged damages, if any.

15. In the alternative, and without waiving the foregoing, Defendants assert that the injuries and damages complained of were caused in whole or in part by the acts, omissions, conduct or product of parties not related to or under its control, including Plaintiff. Defendants, therefore, invoke the provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, and requests that the jury consider the percentage of fault (if any) of all claimants, all Defendants, responsible third parties and settling persons.

16. In the alternative, and without waiving the foregoing, Defendants affirmatively allege that Plaintiff is barred, either in whole or in part, from any recovery under §33.001 of the Texas Civil Practice & Remedies Code because Plaintiff's own negligent acts and/or omissions are the sole and/or proximate cause of Plaintiff's alleged injuries and damages, if any. Defendants affirmatively allege that Plaintiff's claims for damages are barred in whole or in part under the doctrine of comparative responsibility and contributory negligence on account of Plaintiff's negligence to exercise reasonable care for her own safety.

17. In the alternative, and without waiving the foregoing, Defendants would further show that Plaintiff had a duty to mitigate his damages and have failed to mitigate damages as required under the law.

18. In the alternative, and without waiving the foregoing, Defendants are entitled to a credit or offset for any monies Plaintiff has received or may receive by way of any settlement, loan receipt or other type agreement arising from Plaintiff's claims and causes of action, as allowed by Ch. 33 of the Texas Civil Practice & Remedies Code.

19. In the alternative, and without waiving the foregoing, Defendants affirmatively plead the limitation on recovery of medical or health care expenses found in Texas Civil Practice & Remedies Code §41.0105 to the amount actually paid and/or

incurred by plaintiffs.

20. In the alternative, and without waiving the foregoing, Defendants affirmatively plead the limitations on damage recovery found in Texas Civil Practice & Remedies Code §18.091. Defendants further request the Court to instruct the jury as required by that statute.

**WHEREFORE, PREMISES CONSIDERED**, Defendants, **RICHARD AFTON KOTHE AND TODD CORZINE TRUCKING, INC.,** respectfully pray that Plaintiff takes nothing by this causes of action, and for such other and further relief, both at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

*/s/ Mark A. Cooper*

Mark A. Cooper
State Bar No.: 24025752
mcooper@namanhowell.com
NAMAN HOWELL SMITH & LEE
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: (210) 731-6352
Facsimile: (210) 785-2934
**ATTORNEY FOR DEFENDANTS RICHARD AFTON KOTHE AND TODD CORZINE TRUCKING, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of May 2021, the foregoing was filed with the Clerk of Court using the CM/ECF system, and was served on counsel via **E-Filing Notification System:**

RonS@davislaw.com
Ron Salazar
DAVIS LAW FIRM
10500 Heritage Dr., Suite 102
San Antonio, Texas 78216
**ATTORNEY FOR PLAINTIFF**

_____
MARK A. COOPER

Doc# REVISED AMENDED ANSWER (002).DOC